IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| DR. MEETA JAIN PATEL, | ) | |
| KARA KUO, | ) | |
| KIM NOTARO, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-893 |
| | ) | |
| BOARD OF EDUCATION OF | ) | |
| HINSDALE TOWNSHIP | ) | |
| HIGH SCHOOL DISTRICT 86, | ) | |
| NANCY POLLAK, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## COMPLAINT

NOW COME Plaintiffs, DR. MEETA PATEL, KARA KUO, and KIM NOTARO, by their undersigned attorneys, LOEVY & LOEVY, and bring this action to stop BOARD OF EDUCATION OF HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86 ("the BOARD") and its President NANCY POLLAK from violating Plaintiffs' First Amendment rights, to remedy the violations that have already occurred, and to force Defendants to comply with the Illinois Open Meetings Act. In clear violation of the U.S. Constitution and in an affront to the long and proper tradition of robust public discussion and criticism of public officials that is vital to a well-functioning democracy, Defendants believe they can prohibit the public from talking about public officials and employees on matters of public concern at public meetings in which other comments are allowed, and to permit favorable comments towards public officials but not criticisms. In support of their Complaint, Plaintiffs allege as follows:

## INTRODUCTION

1. The First Amendment prevents the government from making laws abridging freedom of speech.

2. The "right to criticize public officials is . . . protected by the First Amendment." *Jefferson v. Ambroz*, 90 F.3d 1291, 1298 (7th Cir. 1996).

3. Content-based restrictions on speech in designated public forums are "subject to strict scrutiny, meaning that the government must show the exclusion is necessary to serve a compelling state interest and that it is narrowly drawn to achieve that end." *Surita v. Hyde*, 665 F.3d 860, 877 (7th Cir. 2011).

4. Viewpoint discrimination is rarely, if ever, permitted under the First Amendment. *Rosenberger v. Rector and Visitors to the University of Virginia,* 515 U.S. 819, 115 S. Ct. 2510, (1995).

5. Under the Illinois Open Meetings Act ("OMA"), pursuant to the public policy of the State of Illinois, public bodies exist to aid in the conduct of the people's business and the people have a right to be informed as to the conduct of their business. 5 ILCS 120/1.

6. Section 2.06(g) of OMA provides that "[a]ny person shall be permitted an opportunity to address public officials under the rules established and recorded by the public body." 5 ILCS 120/2.06(g).

## JURISDICTION AND VENUE

7. This case is brought under 42 U.S.C. § 1983 and 5 ILCS 120. This case presents a federal question conferring jurisdiction on this Court. *See* 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiffs' state law claim.

8. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

**PARTIES**

9. Plaintiffs DR. MEETA JAIN PATEL, KARA KUO, and KIM NOTARO are community members in Hinsdale Township and reside in DuPage County, Illinois. DR. PATEL is also a sitting board member in Hinsdale's Community Consolidated School District 181.

10. Defendant BOARD OF EDUCATION OF HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86 ("the BOARD") is a unit of local government located in DuPage County, Illinois.

11. Defendant NANCY POLLAK is the President of the BOARD and is sued in both her individual and official capacities.

**GENERAL BACKGROUND**

12. On or before February 2019, Hinsdale Township High School District 86 set plans to align its curricula at both of its high schools, Hinsdale South and Hinsdale Central. Then-Superintendent Bruce Law called the plan "the biggest curriculum change in the history of District 86." Some of the planned changes include reorganizing the structure of each academic department, mandating classes to use the same course materials throughout the District, and requiring students to follow a specific sequence of science courses. Kimberly Fornek, *Hinsdale District 86 to Align Curriculum at Hinsdale Central and South within Next 3 Years,* Chicago Tribune (February 4, 2019), https://www.chicagotribune.com/suburbs/hinsdale/ct-dhd-district-86-curriculum-tl-0207-story.html.

13. At the forefront of this curriculum realignment, Dr. Carol Baker, Assistant Superintendent for Academics, proposed and supported a rigid science sequence, which would require all students to take physics in their freshman year, chemistry in their sophomore year,

and biology in their junior year, while also cutting many science class offerings that would accommodate students at different levels. *Id.*

14. Many of the Hinsdale Township community members have voiced their opposition to the mandated science sequence. The main concern from the community is that this rigid structure combined with the lack of diverse levels of offerings "will not accommodate the range of students' abilities." Dr. Baker supported the new plan despite concerns from the community and claimed that staff members will "provide extra support to students who need it." Kimberly Fornek, *Hinsdale District 86 Standing by New Science Sequence, Despite Some Parents' Concerns,* Chicago Tribune (November 15, 2019), https://www.chicagotribune.com/suburbs/hinsdale/ct-dhd-district-86-science-sequence-tl-1121-20191115-udeg4jqfandf7koxwy4jcvbewm-story.html.

15. On December 9, 2019, Dr. Dan Levinthal, a Hinsdale Township community member, sent an email to the BOARD about a public comment that Dr. Baker made at the Orland School District 135 Board of Education's public meeting on February 25, 2019. At District 135's February 25, 2019, public meeting, Dr. Baker spoke as a parent of a student who attended a District 135 school many years ago. She also presented herself as an educator with 31 years of experience and an Assistant Superintendent for Academics at Hinsdale Township High School District 86. Chris Bohula, *Special COW and Board Meeting – 2-25-19,* Youtube (February 26, 2019), https://youtu.be/sy5uoXhKFd4 (at time stamp 1:47:28 of the video).

16. During her allotted time, Dr. Baker opposed District 135's proposed changes—similar to the plan she publicly recommended and supported in District 86—and articulated her concerns regarding her home (elementary and middle school) district's plan to limit course offerings. *Id.*

**DEFENDANTS' UNCONSTITUTIONAL CENSORSHIP AND VIOLATION OF OMA AT THE DECEMBER 12, 2019 PUBLIC MEETING**

17. On December 12, 2019, the BOARD held an open meeting pursuant to the Illinois Open Meetings Act.

18. During the BOARD's public meetings, public comment is allowed pursuant to Board Policy 2:230.

19. Before the start of public comment, NANCY POLLAK stated, "We caution that [] personnel issues [], such as students or staff, are not appropriate for public comment." SD86 School Board, *Regular Action Meeting December 12, 2019,* Vimeo (December 13, 2019 at 11:31 AM), https://vimeo.com/379278325 (at time stamp 6:40 of the video).

20. During her allotted time in public comments, DR. PATEL started to read Dr. Levinthal's December 9, 2019, email ("the letter") to the BOARD. *Id.* at 19:36.

21. A minute into reading the letter, POLLAK interrupted DR. PATEL, stating, "You know what, we are not gonna…No," and banged the gavel, indicating that DR. PATEL may not continue. *Id.* at 21:06.

22. When DR. PATEL expressed that the BOARD was violating her First Amendment rights by not allowing her to speak and indicated that she is following the BOARD's policy on public comment, Debra Kedrowski, Administrative Chief of Staff to the Superintendent, walked up to her and took the microphone away from DR. PATEL. *Id.* at 21:20; Yvonne Mayer, *D86FirstAmendmentViolation*, Youtube (December 12, 2019), https://youtu.be/pWRyF2xVQkk (at time stamp 1:42 of the video).

23. Upon information and belief, Debra Kedrowski removed the microphone from DR. PATEL at the direction of POLLAK or District 86's Superintendent Tammy Prentiss.

24. DR. PATEL intended to continue, as she had a minute or so left in her allotted time, but POLLAK stopped her once again, "We are just not going to talk about personnel or personal matters." SD86 School Board, *Regular Action Meeting December 12, 2019,* Vimeo (December 13, 2019 at 11:31 AM), https://vimeo.com/379278325 (at time stamp 21:33 of the video).

25. DR. PATEL asked for her microphone back so she could continue to read the letter, but POLLAK stated, "Our policy is not to talk about personnel and specific people and specific individuals." *Id.* at 22:09.

26. After explaining once again that the BOARD was violating her First Amendment rights by prohibiting her from reading the letter, DR. PATEL asked if she could finish reading the letter. *Id.* at 22:43.

27. POLLAK dismissed DR. PATEL's request and said, "You can file a complaint." *Id.* at 22:45.

28. Immediately after the BOARD did not allow DR. PATEL to speak, KARA KUO stated that she would continue to read the letter with her allotted time and commenced reading from where DR. PATEL was cut off by POLLAK. *Id.* at 23:42.

29. Within twenty seconds of her beginning to read the letter, POLLAK stopped KUO: "I am sorry, again, we are just not going to talk about individual people. That's against policy." *Id.* at 23:59.

30. KUO suggested that she would not name any individuals but would simply read the content of the letter. KUO continued, only to get interrupted by the BOARD again. POLLAK stated that the letter was "inappropriate." *Id.* at 24:19.

31. KUO stated that the BOARD was violating her First Amendment rights.

32. POLLAK responded, "You will just file a complaint then." *Id.* at 24:28.

33. Speaking immediately after KUO, KIM NOTARO announced her intention to read the letter and tried to articulate why she and the two previous speakers believe that the information should be read in public comment. *Id.* at 24:42.

34. POLLAK interrupted NOTARO, "You will file a complaint as well. We are not going to have a conversation about personnel. We aren't going to have this conversation about personal matters." POLLAK reiterated, "We are not having this conversation in public about individual people." *Id.* at 24:50.

35. Sometime between the DR. PATEL's and KUO's attempts at reading the letter, the BOARD called the school's security guard into the meeting room, and the security guard was clearly visible to the meeting attendants.

36. Plaintiffs were not disruptive and followed the BOARD's instructions. As such, the security guard was not necessary.

37. Each and every other BOARD member present at the meeting—Attorney Kevin Camden, Attorney Kathleen Hirsman, Attorney Keith Chval, Cynthia Hanson, Erik Held, Marty Turek and District 86's Superintendent Tammy Prentiss—failed to intervene to protect Plaintiffs' First Amendment rights and condoned the BOARD's unconstitutional censorship.

**DEFENDANTS' ILLEGAL POLICIES AND PRACTICES**

38. Defendant BOARD OF EDUCATION OF HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86 is a school district, a state actor under federal civil rights laws, and a public body under the Illinois Open Meetings Act.

39. The BOARD alternates the location for its meetings between the two high schools in the school district: Hinsdale South High School and Hinsdale Central High School.

40. The BOARD opens the public properties, Hinsdale South High School and Hinsdale Central High School, as a place for public comment, at its regular meetings.

41. The BOARD's practices regarding public comment at its meetings are undertaken by the BOARD, which has final policymaking authority to regulate public comments at BOARD meetings, collectively or through the President of the BOARD, who presides over such meetings.

42. The BOARD relies on the policy to authorize the President of the BOARD to issue a directive prohibiting a speaker, during the speaker's allotted time to speak during the public comment portion of a BOARD meeting, from mentioning specific staff members, identified by name, in any manner, even when speaking on a matter of public concern regarding the BOARD's and District 86's decisions and actions.

43. The BOARD's Policy 2:230 states that "any person appearing before the Board" is expected to [] conduct oneself with respect and civility toward others." The policy that was in place at the time of the December 12, 2019 public comments is attached as Exhibit A.

44. The BOARD revised the policy at that same meeting after public comments occurred, changing only the length of public comments from five minutes to three minutes. Exhibit B.

45. The BOARD has relied and, upon information and belief, in the future will rely on the "respect and civility" clause in the policy to restrict speech about public officials and employees at public meetings even when the matter is of public concern.

46. In a statement to the press after the December 12, 2019, meeting, the BOARD indicated that POLLAK "exercised her authority in accordance with Policy 2:230 to halt public comment that was deemed as lacking 'respect and civility toward others'" regarding a matter of public business. Pamela Lannom, *D86 Audience Members' Comments Cut Short,* The

Hinsdalean (December 19, 2019), https://www.thehinsdalean.com/story/2019/12/19/news/d86-audience-members-comments-cut-short/819.html.

47. Based on the "respect and civility" clause of Policy 2:230, the BOARD's justification for limiting speech at the December 12, 2019, public meeting has the effect of prohibiting speech related to matter of public concern.

48. At the January 9, 2020 public meeting, when a community member asked the BOARD to apologize to Plaintiffs for violating their First Amendment rights, the BOARD, through its Vice President Kevin Camden, stated: "It was not a suppression of First Amendment rights. It had to do with attacking people personally. The Board has had a practice in place for years. We don't allow for people to come in and attack individuals. [] If somebody came in here and attacked a teacher, a groundskeeper, or an aide, we wouldn't stand for it either." SD 86 School Board, *Committee of the Whole Meeting January 9, 2020,* Vimeo (January 11, 2020, at 11:27AM), https://vimeo.com/384203741, (at time stamp at 1:27:25).

49. In fact, Plaintiffs did not make any personal attacks on anyone, but instead in a peaceful and civil manner, attempted to point out that the public official responsible for a controversial policy change opposed it in her own home school district, which was relevant to the ongoing debate on this issue.

50. At the January 9, 2020 public meeting, the BOARD modified its oral instructions for public comment: "In the interest of respect and civility, the BOARD of Education asks that speakers focus their comments on professional matters related to District 86." *Id.* at 10:23.

51. Upon information and belief, the BOARD contends that Plaintiffs' comments at the December 12, 2019 public meeting would be also prohibited under the BOARD's new oral public comment instructions amended at the January 9, 2020 public meeting.

**DEFENDANTS' VIEWPOINT DISCRIMINATION**

52. Notwithstanding their stated policy prohibiting "conversations in public about individual people," Defendants in fact allow such discussions when they are favorable to personnel, and thus, apply their policy in a manner that discriminates based on viewpoint.

53. At the November 25, 2019 BOARD meeting, Matthew Doll, a staff member at Hinsdale Central High School, commented that he has "a lot of respect" for Principal Bill Walsh and his integrity. He also stated that he had no intention to question Principal Walsh's integrity in a statement that he had signed and that another community member read out loud at the previous Board meeting. Defendants did not stop Matthew Doll from naming Principal Walsh and complimenting him. SD86 School Board, *Regular Action Meeting November 25, 2019,* Vimeo (November 26, 2019, at 10:16AM), https://vimeo.com/375666932, (at time stamp 11:40 of the video).

54. At the December 12, 2019 BOARD meeting, Debbie Levinthal, a community member from Hinsdale, named Principal Walsh and Ms. Hurt in her public comment. She said, "I have no doubt that Mr. Walsh and Ms. Hurt have the interests of the Central students at the heart and center of what they do." Defendants did not prohibit her from naming these individuals and speaking favorably about them. SD86 School Board, *Regular Action Meeting December 12, 2019,* Vimeo (December 13, 2019 at 11:31 AM), https://vimeo.com/379278325, (at time stamp 27:49 of the video).

55. At the January 9, 2020 BOARD meeting, Michele Berg, a community member from Willowbrook, specifically referenced and complimented President Bill Carpenter, the previous President of the Board, and then-Board Member Kevin Camden, the current Vice President of the BOARD during her public comment. She praised these two by name for being "honest to God" and being transparent regarding the curriculum in the past. She added that their

transparency was "refreshing" and directed her appreciation at Vice President Camden, who was present at the meeting. Defendants did not stop her from naming these individuals and commending them. SD 86 School Board, *Committee of the Whole Meeting January 9, 2020,* Vimeo (January 11, 2020, at 11:27AM), https://vimeo.com/384203741, (at time stamp 18:02 of the video).

56. At the same meeting, Alan Hruby, a community member from Burr Ridge, addressed and supported Dr. Carol Baker's science program. During his comment, he specifically named Dr. Baker and complimented her achievement at District 86: "in the short time she has been here, Dr. Baker has provided immense service to our community in identifying inequities between our schools. Inequities that languished year after year during the tenure of her predecessor." *Id.* at 32:57

57. He continued to praise Dr. Baker's contribution for the remainder of his time. At the end of his comment, he directly addressed the BOARD, "You should not be meeting tonight to discuss Dr. Baker's termination. You should be meeting to discuss how much of a bonus to award her." *Id.* at 33:52.

58. At no point during Alan Hruby's comment, did the Defendants stop him from naming Dr. Carol Baker or complimenting her. Defendants stopped him only when his allotted time of three minutes was up.

59. Adolph Galinski, a community member from Burr Ridge, also spoke favorably about the changes Dr. Baker brought to the science curriculum and specifically named her in his praise, "Dr. Baker worked to uncover and fix curriculum problems like this in District 86. Not renewing her contract is a huge mistake." Defendants did not prohibit him from naming Dr. Baker and commenting on the personnel matter. *Id.* at 36:35.

## COUNT I – FIRST AMENDMENT VIOLATION, 42 U.S.C. § 1983, DECEMBER 12, 2019, PUBLIC MEETING

60. The above paragraphs are incorporated by reference.

61. The BOARD's meetings in general, and the December 12, 2019 meeting in particular, are designated public forums.

62. Defendants deprived Plaintiffs of their First Amendment rights to speak about a specific public official and employee on a matter of public concern related to the activities of the BOARD at the December 12, 2019 meeting.

63. Defendants maintain a policy and practice of not allowing public comments at board meetings about specific public officials and employees even when those comments relate to the BOARD's business.

64. Defendants maintain a policy and practice of viewpoint-based discrimination that permits people to speak favorably about specific public officials and employees by name but prohibits people from speaking unfavorably about public officials and employees by name.

65. Defendants have offered no Constitutionally sufficient justification for their policy.

66. Upon information and belief, Defendants will continue to prevent Plaintiffs from speaking about specific public officials and employees unless enjoined.

## COUNT II – VIOLATION OF OMA, DECEMBER 12, 2019, PUBLIC MEETING

67. The above paragraphs are incorporated by reference.

68. BOARD OF EDUCATION OF HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86 is a public body under OMA and is required to hold open meetings.

69. Defendants violated OMA Section 2.06(g), by prohibiting Plaintiffs from addressing the BOARD during the public comment portion of the meeting on a matter concerning public business.

### COUNT III – VIOLATION OF OMA, FUTURE MEETINGS

70. The above paragraphs are incorporated by reference.

71. BOARD OF EDUCATION OF HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86 is a public body under OMA and is required to hold open meetings.

72. Upon information and belief, there is probable cause to believe that the Defendants will violate 2.06(g) in the future. 5 ILCS 120/3(a).

**WHEREFORE**, Plaintiffs ask that the Court:

    i. enjoin Defendants from prohibiting Plaintiffs from speaking about public officials and employees at BOARD meetings on matters of public concern;

    ii. award Plaintiffs compensatory damages for Defendants' First Amendment violations;

    iii. award Plaintiffs punitive damages against Defendants;

    iv. award Plaintiffs reasonable attorneys' fees and costs;

    v. award such other relief the court considers appropriate.

### JURY DEMAND

Plaintiffs, DR. MEETA PATEL, KARA KUO, and KIM NOTARO, hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

/s/ *Matthew V. Topic*

_____

Attorneys for Plaintiffs
DR. MEETA JAIN PATEL,
KARA KUO,
KIM NOTARO

Matthew Topic
Joshua Burday
Merrick Wayne
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com