IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| DR. MEETA JAIN PATEL, | ) | |
| KARA KUO, | ) | |
| KIM NOTARO, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-893 |
| | ) | |
| BOARD OF EDUCATION OF | ) | Hon. Sara L. Ellis |
| HINSDALE TOWNSHIP | ) | |
| HIGH SCHOOL DISTRICT 86, | ) | |
| NANCY POLLAK | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT STIPULATION OF DISMISSAL WITH PREJUDICE**

Pursuant to settlement, the parties stipulate to dismiss this action and all defendants with prejudice under Federal Rule of Civil Procedure 41(a)(2), with the Court to retain jurisdiction under the authority of *Kokkonen v. Guardian Life Insurance Co. of America,* 511 U.S. 375 (1994), to enforce the settlement agreement, which is attached to and incorporated into the attached proposed order of dismissal. Each party will bear its own attorneys' fees and costs except as provided by the settlement agreement.

## PROPOSED ORDER

Pursuant to the settlement agreement attached as Exhibit A, which is incorporated herein, this case is dismissed with prejudice. The Court retains jurisdiction to enforce this order and the incorporated settlement agreement.

RESPECTFULLY SUBMITTED,

*/s/ Joshua Hart Burday*

_____

Attorneys for Plaintiffs

Matthew Topic
Joshua Burday
Merrick Wayne
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900
joshb@loevy.com


*/s/ Babak Bakhtiari*

Attorneys for Defendants

Babak Bakhtiari
Hodges, Loizzi, Eisenhammer, Rodick & Kohn, LLP
3030 Salt Creek Lane, Suite 202
Arlington Heights, IL 60005
(847) 670-9000
bbakhtiari@hlerk.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| DR. MEETA JAIN PATEL, <br> KARA KUO, <br> KIM NOTARO, <br><br> Plaintiffs, <br><br> v. <br><br> BOARD OF EDUCATION OF <br> HINSDALE TOWNSHIP <br> HIGH SCHOOL DISTRICT 86, <br> NANCY POLLAK <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 20-cv-893 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**SETTLEMENT AGREEMENT**

THIS SETTLEMENT AGREEMENT (hereinafter referred to as the "Agreement") is made and entered into as of May 28, 2020, by and among the Board of Education of Hinsdale Township High School District 86 and Nancy Pollak (collectively referred to as "Defendants"), and Dr. Meeta Jain Patel, Kara Kuo, and Kim Notaro (collectively referred to as "Plaintiffs") (Defendants and Plaintiffs collectively are "the Parties"), to resolve Plaintiffs' First Amendment and Open Meetings Act lawsuit against Defendants.

1. Defendants shall permit Plaintiffs to read Dr. Levinthal's letter, which Defendants had prohibited at the December 12, 2019 school board meeting, at a Board meeting of Plaintiffs' choosing. Within 90 days after the Parties execute this agreement, Plaintiffs shall select the Board meeting at which they wish to read Dr. Levinthal's letter, which shall take place no later than May 30, 2021. Plaintiffs acknowledge that their statements are subject to the Open Meetings Act and will be permitted to read the letter in its entirety.

2. Defendants shall permit the public to make comments at future Board meetings critical of specific public officials or employees subject only to the well-established restrictions under the First Amendment, such as the restrictions on fighting words, true threats, obscenity, or incitements to imminent violence.

3. Defendants agree to permit Maryam Judar, Executive Director of the Citizen Advocacy Center, to speak at an October 2020 Board meeting to speak about the First Amendment and Open Meetings Act in relationship to the school board setting for 40 minutes followed by 20 minutes for questions and answers.

4. Defendants will read the following statement at the May 28, 2020 Board meeting: "The Board acknowledges that under the First Amendment and Open Meetings Act, Meeta Patel, Kara Kuo and Kim Notaro should have been allowed to read Dan Levinthal's letter at the 12/12/2019 Board meeting."

5. Defendants shall pay Plaintiffs $21,000 in attorney fees and costs.

6. The Parties agree that the Court shall retain jurisdiction for the purpose of enforcing the terms of this Agreement pursuant to Federal Rule of Civil Procedure 41(a) and under the authority of *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 381-82 (1994). Within 7 days after the Parties execute this agreement, Plaintiffs shall file an agreed stipulation to dismiss this lawsuit with prejudice. In the event a dispute arises regarding this agreement, the parties agree to first meet and confer prior to seeking judicial recourse over the dispute.

7. In consideration of the terms herein, the sufficiency of which is hereby acknowledged, Plaintiffs and their agents, successors and assigns hereby release and discharge Defendants and their agents, employees, Board members in their individual and official

capacities (including but not limited to Nancy Pollak), administrators, insurers, attorneys, successors and assigns from all claims which are or could have been made by Plaintiffs in the instant lawsuit in case no. 20-cv-893, as well as any way related to the claims asserted in the lawsuit, but only to the extent any such claims are based on the right to speak or comment at Board meetings.

8. Defendants and Plaintiffs acknowledge and agree that they have been represented by legal counsel with respect to the matters that are the subject of this Agreement and that they have entered into this Agreement freely and voluntarily.

9. The Parties agree that facsimile or PDF signatures are deemed to be originals and that this Agreement may be executed in counterparts. Upon signature of the Parties, this Agreement shall be deemed executed, final, and binding.

10. This Agreement sets forth the entire understanding between the Parties with respect to the subject matter contained herein, and there are no representations, warranties, agreements, arrangements, or undertakings, oral or written, between or among the Parties hereto relating to the subject matter of this Agreement which are not fully expressed herein. This Agreement supersedes all prior negotiations, representations, statements, or promises between the Parties, whether written or oral, as to these claims.

11. This Agreement shall be binding upon and inure to the benefit of the Defendants and Plaintiffs, and their respective successors and assigns.

12. This Agreement and any of its provisions may be amended, modified, or terminated only by written agreement by Plaintiffs and Defendants.

Dated this __28th__ day of May, 2020.

Stipulated and Agreed to:

Board of Education of Hinsdale Township
High School District 86

By: _____
Its:           President

Date: __May 28 2019_____


_____ MD
[signature block]
Plaintiffs